UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE J. McGRAW,

      Petitioner,

-vs-                     Case No.   8:06-cv-1386-T-24TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.
_____/

**ORDER**

   This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  Respondent filed a response and Petitioner filed a reply to the response.  A review of the record demonstrates that, for the following reasons, the petition must be **dismissed as time-barred**.

PROCEDURAL BACKGROUND

   On November 22, 1989, the State filed an information charging McGraw with one count of trafficking in cocaine, three counts of delivery of cocaine, and two counts of possession of cocaine. (Exhibit 1). The case proceeded to a jury trial, and McGraw was found guilty of all charges except one count of delivery of cocaine, which was dismissed. McGraw was sentenced on March 8, 1990. On count I, trafficking in cocaine, the state trial court sentenced McGraw as a habitual felony offender to twenty years in prison, and imposed a fine of $50,000. On the two counts of possession of cocaine, the state trial court sentenced McGraw to five years imprisonment as a habitual offender, and on the two

delivery of cocaine counts, the state trial court imposed a habitualized sentence of ten years each. All sentences run concurrently. (Exhibit 2).

McGraw appealed. On July 31, 1992, in Case No. 2D90-2166, the state district court of appeal per curiam affirmed McGraw's convictions and sentences. (Exhibit 3). McGraw v. State, 602 So. 2d 948 (Fla. 2d DCA 1992)[table]. The mandate issued August 19, 1992. (Exhibit 4).

## PRE-AEDPA COLLATERAL PROCEEDINGS

A review of the state trial court docket reflects that McGraw filed a motion for postconviction relief in September 1992, which was denied by the state trial court on March 25, 1993. (Exhibit 5: Hillsborough County Clerk's Court Progress Docket at p. 3). McGraw appealed the adverse ruling, and the state district court of appeal per curiam affirmed the denial of postconviction relief on July 2, 1993, in Case No. 2D93-1824. (Exhibit 6). McGraw v. State, 612 So. 2d 502 (Fla. 2d DCA 1993)[table].

The state court clerk's docket shows no activity in the case between the date the trial court received the mandate in the postconviction appeal on August 24, 1993, until McGraw filed a pro se request for court documents on February 18, 1997. (See Docket at p. 3).

## POST-AEDPA COLLATERAL PROCEEDINGS

On April 1, 1997, McGraw filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800. The state trial court denied the motion on June 16, 1997. (See Docket at p. 3). McGraw appealed the order summarily denying relief. On September 26, 1997, the state district court of appeal per curiam affirmed the denial of the motion to correct illegal

sentence. (Exhibit 7). <u>McGraw v. State</u>, 700 So. 2d 693 (Fla. 2d DCA 1997)[table]. The mandate issued October 22, 1997. (See Docket at p. 3).

Thereafter, no activity appears in this case until McGraw filed a second motion to correct illegal sentence on September 1, 2004. (Exhibit 8). The state trial court summarily denied the motion on October 6, 2004. (Exhibit 9). McGraw filed an untimely notice of appeal, and the case was dismissed for lack of jurisdiction by the state district court of appeal on February 15, 2005, in Case No. 2D04-5280. (Exhibit 10).

McGraw filed a third motion to correct illegal sentence on January 31, 2005, and an amended motion on March 14, 2005. (Exhibits 11 and 12). The state trial court summarily denied relief on March 30, 2005. (Exhibit 13). After his motion for rehearing was denied, McGraw filed a notice of appeal on May 19, 2005. (Exhibit 14). On January 6, 2006, in Case No. 2D05-2608, the state district court of appeal per curiam affirmed the state trial court's denial of sentencing relief. (Exhibit 15). <u>McGraw v. State</u>, 919 So. 2d 447 (Fla. 2d DCA 2005)[table]. The mandate in that case issued February 1, 2006. (Exhibit 16).

On June 3, 2005, while the aforementioned appeal was still pending, McGraw filed his fourth rule 3.800 motion to correct illegal sentence. (Exhibit 17). This latest motion was denied by the state trial court on July 5, 2005. (Exhibit 18). McGraw appealed. On January 18, 2006, in Case No. 2D05-3687, the state district court of appeal affirmed all claims except McGraw's claim that the imposition of the $50,000 fine was illegal under Florida law. (Exhibit 19). The state district court of appeal reversed and remanded with directions to the state trial court to strike the fine from the sentence, noting that McGraw's presence was not required for this ministerial task. McGraw filed a motion for rehearing en banc which the

state district court of appeal denied on March 16, 2006. The mandate issued April 3, 2006. (Exhibit 20). According to the docket, on April 18, 2006, the state trial court struck the $50,000 fine from the sentence.

On May 19, 2006, in Case No. SC06-974, McGraw filed a petition seeking discretionary review in the Florida Supreme Court. On May 22, 2006, the case was dismissed for lack of jurisdiction due to McGraw's untimely filing of the notice of intent to seek discretionary review. (Exhibit 21). McGraw v. State, 932 So. 2d 193 (Fla. 2006)[table].

## THE PRESENT PETITION

McGraw signed the instant § 2254 petition on July 23, 2006, raising two grounds for relief:

**Ground One**

Whether the state's resolution of Petitioner's claim that his uncounseled conviction could not be used to enhance the penalty of a subsequent conviction under the Sixth Amendment resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court?

**Ground Two**

Whether the state court's resolution of Petitioner's claim that his twenty year sentence as an habitual felony offender for trafficking in cocaine was not authorized by law, resulted in a denial of due process?

## PRESENT PETITION IS TIME-BARRED

The present petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. McGraw's judgment

became final in 1992, almost four years prior to enactment of the AEDPA on April 24, 1996. When a petitioner's conviction became final prior to the AEDPA's effective date of April 24, 1996, but the petition was filed after the statute's enactment, the petitioner was afforded a one-year grace period in which to file his federal claims. Wilcox v. Florida Department of Corrections, 158 F.3d 1209 (11th Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998).  Accordingly, petitioners like McGraw, whose convictions became final prior to April 24, 1996, had until April 23, 1997, to file a petition for writ of habeas corpus absent properly filed collateral applications in the state court which tolled the statutory period. Even though McGraw's first motion to correct illegal sentence was filed several days prior to expiration of the one-year period, and was pending until the state district court of appeal issued its mandate on October 22, 1997, there is a period of inactivity of approximately seven years until McGraw filed his second motion to correct sentence on September 1, 2004.  Neither the second rule 3.800 motion, nor later collateral applications toll the statutory period, however, because the one-year period had already expired. See Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Id. at 1333.

McGraw acknowledges that the petition is untimely if finality of the judgment is considered to be the date his original judgment was affirmed on direct appeal. However, in this case, McGraw argues his petition is timely because his judgment did not become

final for purposes of § 2244 until his re-sentencing judgment became final in 2006. On page 14, paragraph 18 of the instant petition, McGraw argues:

> § 2244(d) does not apply to the case at bar because Petitioner's sentence did not become final until the state court changed what it had originally degreed [sic] by vacating the $50,000 fine. See Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), which the Eleventh Circuit relied on U.S. v. Colvin, 204 F.3d 1221 (9th Cir. 2000), and Maharaj v. Sec'y for DOC, 304 F.3d 1345 (11th Cir. 2002), to reversed [sic] the district court's decision dismissing Walker's petition as untimely. Therefore, § 2244(d)(A) would apply to the instance case.

McGraw's reliance on Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), is misplaced. Although he raises two sentencing claims in the present petition, McGraw is challenging only the validity of the original judgment and sentence imposed in 1990, rather than his re-sentencing judgment which became final in 2006. In such cases, the finality of the original judgment controls the date of commencement of the one-year limitations period.

Section 2244(d)(1)(A) statutorily prescribes the limitations period to run from the latest of "the date[s] on which the judgment became final." In Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006), the Eleventh Circuit opined that the statute's plain language "compels a conclusion that the latest possible triggering date for a petition challenging only the original judgment of conviction is the date on which that judgment became final." Id. at 1328. Therefore, the Eleventh Circuit reasoned, "when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment

became final." Id. at 1326. See also, Lowe v. Dinwiddie, 006 U.S. App. LEXIS 1554 (10th Cir. 2006) (unpublished). There, the Tenth Circuit Court of Appeal affirmed a dismissal based on timeliness where the petitioner was challenging only the original judgment, not the judgment upon revocation of suspended sentence. The court stated, "Mr. Lowe is not challenging the revocation proceedings -- he is challenging the imposition of the suspended sentence in 1992. Regardless of the possible merit of Mr. Lowe's claim, we agree with the district court that 'the revocation did not bestow additional time to challenge [Mr. Lowe's] 1992 sentence.' "

Unlike Maharaj and Walker, cited by McGraw to support his argument that he is entitled to a later initiation date, the present petition does not challenge the validity of the amended sentence or the 2006 re-sentencing proceeding itself. See Rainey, 443 F.3d 1323, 1328 n. 4 (Despite Appellant's argument to the contrary, the petitions in Hepburn, Maharaj, and Walker each contained a claim challenging the resentencing judgment. See Hepburn, 215 F.3d at 1208; Maharaj, 304 F.3d at 1346-47; Walker, 341 F.3d at 1242.). Thus, the operative date for commencement of the one-year limitations period in this case is October 22, 1997, when the state trial court received the district court of appeal's mandate in the appeal from the order denying McGraw's first rule 3.800 motion to correct illegal sentence.  Utilizing that date for initiation of the one-year limitations period, and taking into account the seven-year period of inactivity until McGraw filed his second rule 3.800 motion in September 2004, the petition is untimely by several years.

In his reply, McGraw did not raise any issues that demonstrate he is entitled to equitable tolling.

Accordingly, the Court orders:

That McGraw's petition is dismissed, with prejudice.  The Clerk is directed to enter judgment against McGraw and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 11, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Jessie J. McGraw